## In Equity.

### GERTRUDE B. STROUT *vs.* J. MERRILL LORD, Executor.

### York.    Opinion February 10, 1908.

*Equity. Parties. Demurrer. Unforeclosed Mortgage. Descent of Same on Death of Mortgagee. Foreclosed Mortgage. Lands Vest in Heirs or Devisees. Statute 1863, chapter 212; 1870, chapter 113, section 25; 1907, chapter 163. R. S., 1857, chapter 65, section 22. R. S., chapter 67, sections 25, 26, 28; chapter 92, sections 7, 13.*

1. The objection of the want of necessary parties to a bill in equity may be raised by demurrer, either general or special, and when it is raised by special demurrer, it is proper that the demurrer should suggest the names of the persons omitted. Or the objection may be taken at the hearing, or suggested at any time by the court. But a demurrer is not available unless the bill on its face discloses the want of necessary parties.

2. Under the statutes of this State, the mortgage title to lands held under an unforeclosed mortgage descends on the death of the mortgagee to his executor or administrator like all other personal estate, and not to his heirs or devisees. When such a mortgage afterwards becomes foreclosed the lands thereupon become vested in the heirs or devisees, subject to sale for the purposes of administration, and are to be distributed to the persons who are entitled to the personal estate. But until foreclosure is complete, the heirs or devisees have no title to the mortgaged estate, and they have no interest in the same except such as they have in personal estate generally.

3. In litigation in equity concerning personal estate in the hands of executors or administrators for administration, including unforeclosed mortgages of real estate, ordinarily the heirs or devisees are not necessary parties. They are sufficiently represented by the executor or administrator. This rule applies to proceedings to redeem from such mortgages.

4. But if the mortgage has in form become foreclosed, and the validity of

the foreclosure is attacked by a bill in equity praying that the foreclosure proceedings be declared null and void, and for a redemption, the heirs or devisees have a direct interest, and a right to be heard on that question, and must be made parties. It is otherwise if the mortgage is unforeclosed.

5. In the case at bar it does not appear on the face of the bill that the time for redemption had expired and that the mortgage had become completely foreclosed when the bill was brought. It therefore does not appear on the face of the bill that the devisees of the deceased mortgagee are necessary parties. The demurrer for want of necessary parties is not sustainable.

6. *Hilton* v. *Lothrop*, 46 Maine, 297, is overruled in so far as it holds that heirs or devisees are necessary parties to a bill to redeem from an unforeclosed mortgage, after the death of the mortgagee.

*Hilton* v. *Lothrop*, 46 Maine, 297, overruled in part.

In equity. On exceptions by plaintiff. Sustained.

Bill in equity brought against the defendant J. Merrill Lord of Parsonfield in the County of York, executor of the will of Francis A. Boothby, late of Limerick in said county, deceased, praying, among other things, that the foreclosure proceedings on a certain real estate mortgage given by the plaintiff to the said Frances A. Boothby be decreed null and void and that the cloud created by said foreclosure proceedings be removed, and for a redemption from the mortgage. The defendant filed an answer with a special demurrer therein inserted. The demurrer was sustained by the Justice of the first instance and the plaintiff excepted.

The case is stated in the opinion.

*Elias Smith, Fred J. Allen* and *Geo. F. & Leroy Haley,* for plaintiff.

*Frank M. Higgins,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

SAVAGE, J. This bill alleges that the defendant's testatrix, Frances A. Boothby, in 1902, conveyed to the plaintiff by warranty deed certain real estate in Limerick, and by bill of sale, certain personal property; that as a part of the same transaction, the plaintiff mortgaged the real estate to said Boothby to secure the performance by the plaintiff of a bond given at the same time, conditioned for the support of said Boothby; that the plaintiff fully performed the

conditions of the bond during all the lifetime of said Boothby; that during her lifetime, at her request, and acting under advice of counsel, the plaintiff signed a paper consenting to the foreclosure of said mortgage for breach of the conditions thereof; that the foreclosure proceedings were recorded in the York Registry of Deeds; and that said paper was signed and the foreclosure proceedings had in order that said Boothby might aid and assist the plaintiff in adjusting domestic troubles then existing between her and her husband; that after the foreclosure ·proceedings were recorded, the complainant continued to do for said Boothby until her death all the things that by·said mortgage and bond she was bound to do, and that by accepting such performance, said Boothby waived the foreclosure proceedings; that Frances A. Boothby in 1906 died testate; that the defendant, as executor, claims the real estate as a part of the estate of said Boothby, and is seeking to dispossess the plaintiff; that the plaintiff in consideration of the performance of all the conditions of the bond and mortgage is entitled to have them discharged; and that the record of the foreclosure proceedings creates a cloud upon the title. She prays that the foreclosure proceedings be decreed to be null and void, and that the cloud of the foreclosure proceedings be removed. She also offers to pay whatever, if anything, is due in respect to the bond and mortgage, and prays that upon payment of such sum as may be found to be equitably due, the defendant shall be ordered to release the property to her, and to discharge the mortgage and bond. The plaintiff, therefore, in this single proceeding, seeks to remove a cloud, or failing that, to redeem.

In his answer the defendant inserted a special demurrer, and for cause stated "that the Board of Trustees of Parsonsfield Seminary of Parsonsfield in the County of York, are the residuary legatees under the will of Frances A. Boothby, and as such, a necessary party in interest, and ought to be, but have not been made a party defendant to said bill, nor has any reason been given for the omission to make such board a party." The demurrer was sustained by the sitting Justice, and the plaintiff, not having asked leave to amend, excepted. Since the effect of the ruling was to dismiss the bill,

unless amended, the exceptions are properly brought before us at this stage of the proceedings.

We think that the exceptions must be sustained and the demurrer overruled. It is true that the objection of the want of necessary parties may be raised by demurrer, either general or special. Where the parties left out are so inseparably connected with the subject of the suit that a decree could not be made without directly affecting their interests, the objection may be taken on general demurrer, or at the hearing, or when the decree is to be made. The objection may be started by the court itself. And when the objection is raised by special demurrer it is proper that the demurrer should suggest the names of the persons omitted. *Laughton* v. *Harden*, 68 Maine, 208. But whether a demurrer in either form is available depends upon whether the bill on its face discloses the want of necessary parties. Inasmuch as Frances A. Boothby died testate, it may be assumed that there are legatees or devisees, under her will. But whether the legatees or devisees, or, in case the property in question was left as, or has become, intestate property, the heirs, have any such direct interest in the property as entitles them to be heard in this proceeding depends upon facts not stated, as well as upon a construction of the statutes relating to the statutes relating to the status of lands held by an executor in mortgage. R. S., chap. 67, sects. 25, 26, 27 and 28.

At the time this mortgage was given, unless otherwise stipulated in the mortgage, a mortgagor had three years in which to redeem, after the commencement of foreclosure proceedings. But the mortgagor and mortgagee might agree upon a shorter time for redemption, not less than one year. R. S., ch. 92, sect. 7. These provisions were changed by chap. 163, of the Laws of 1907, but that does not affect this case. It does not appear by the bill whether in this mortgage the right of redemption was shortened by agreement to less than three years or not. It is alleged that the plaintiff's consent for foreclosure proceedings was given December 30, 1904, and that the mortgagee died in April, 1906. It is entirely possible then, for aught that appears in the bill, that the foreclosure, so far as procedure was concerned, became absolute in

the lifetime of the mortgagee. If so, the full record title had come to her, and passed from her to the devisees or heirs. In such case the remedy sought here must be enforced against the devisees or heirs, and not against the executor. It is equally possible that the time of redemption had not expired before the death of the mortgagee, or even before the bringing of this bill. What then is the situation if the mortgage was not fully foreclosed in the lifetime of the mortgagee ?

It is a rule in equity that all persons legally or beneficially interested in the subject matter of a suit must be made parties. At common law the legal title to an estate mortgaged in fee was in the mortgagee, and upon his death the legal estate became vested in the heir or devisee of the mortgagee. Only the heir or devisee could discharge or release the mortgage. This rule was recognized in *Hilton* v. *Lothrop*, 46 Maine, 297, quoting the common law doctrine from Story's Equity Pleadings, and it was held that such heir or devisee must be made a party to a bill to redeem, "because he has the legal title, and is to be bound by the decree. And the representative of the mortgagee, also, must be made a party, because, generally, he is entitled to the mortgage money when paid, as it is to be returned to the same fund out of which it originally came."

But the plaintiff contends that the rule as to heirs and devisees has been changed by statute, and we think the question should be re-examined. The statutory provisions relied upon are these. By R. S., chap. 67, sect. 25, it is provided that real estate held by an executor or admistrator, guardian or trustee, in mortgage, shall, until the right of redemption has expired, be deemed personal assets, and be held in trust for the persons who would be entitled to the money, if paid ; and if it is paid, he shall release the estate ; but if it is not paid, he may sell it as he could personal estate at common law, and assign the mortgage and debt. Section 26 provides that any such real estate may, for the payment of debts, legacies or charges of administration, be sold by a license of the Probate Court like personal estate. And section 28 provides that if such real estate is not so redeemed or sold, it shall be distributed among those who are entitled to the personal estate.

These provisions all relate to the powers and duties of executors respecting the administration of unforeclosed mortgages of real estate. And in this administration the statute looks to the debt, which is the principal thing, rather than to the security. If the debt is paid, the money is to go, by distribution, to those who are entitled to the personal estate, or, if it has been specifically bequeathed, to the legatee. If the debt is not paid, the land itself is to be distributed among those who would have been entitled to the money. And in either event, the land may be sold like personal estate to pay debts, legacies and expenses of administration. In other words, the statute treats the foreclosed mortgage just as if it were personal estate.

Similarly it is provided in R. S., chap. 92, sect. 13, relating to the redemption of mortgages, that "lands mortgaged to secure the payment of debts, or the performance of any collateral agreement, and the debts so secured, are on the death of the mortgagee, or person claiming under him, assets in the hands of his executors or administrators; they shall have the control of them as of a personal pledge; and when they recover seizin or possession thereof, it shall be for the use of the widow and heirs, or devisees, or creditors of the deceased, as the case may be; and when redeemed, they may receive the money, and give effectual discharges therefor, and releases of the mortgaged premises."

A consideration of these statutory provisions makes it clear, we think, that unforeclosed mortgages of real estate are not only to be administered as personal estate, but that they are, in the eye of the law, personal. The statute says they are to be deemed personal assets, that is, they are personal assets. *Libby* v. *Mayberry*, 80 Maine, 137. As such, the title descends on the death of the mortgagee to his executor or administrator like all other personal estate, and not to his heirs or devisees, 18 Cyc. 172. It was so expressly held in *Hemmenway* v. *Lynde*, 79 Maine, 299. See, also, *Bird* v. *Keller*, 77 Maine, 270. But when such mortgages afterward become foreclosed the lands thereupon become vested in the heirs or devisees, subject to sale for administrative purposes, and are to be distributed to the persons who are entitled to the personal

estate.   *Hawes* v. *Williams*, 92 Maine, 483.   Until foreclosure is complete, therefore, the heirs or devisees have no title to the mortgaged estate, and they have no interest in the same except such as they have in personal estate generally.

But while it is true that generally all persons having interests which would be affected by the decree must be made parties in equity, there are certain well recognized exceptions, where the persons beneficially interested are represented by a party.   And it is said that the exception of most general application is in the case of executors or administrators, who, in contests affecting their trusts, represent creditors, legatees and distributees, 16 Cyc. 189; 18 Cyc. 206.   So, in litigation in equity concerning personal estate in the hands of executors or administrators for administration, ordinarily the heirs or devisees are not necessary parties.   They are represented by the executor or administrator.   They have no legal interest in the res itself, but only in such a distributive share as results from administration.   And since lands held by unforeclosed mortgages are, in this State, personal assets in the hands of the executor or administrator for administration, we are unable to perceive why, in proceedings to redeem, the executor or administrator does not sufficiently represent the heir or devisee, as he does with respect to other personal assets.   If so, the heirs or devisees are not necessary parties.

If, however, the mortgage has become foreclosed, the title is vested in the heirs or devisees.   *Hawes* v. *Williams*, supra.   And if upon a bill to redeem, the validity of the foreclosure is attacked, they have a direct interest and a right to be heard on that question, and must be made parties.

Accordingly, we think the case of *Hilton* v. *Lothrop*, supra, should no longer be taken as authority for the doctrine that heirs or devisees are necessarily parties to bills to redeem unforeclosed mortgages.   That case stated the common law doctrine, and placed it squarely on the ground that the legal title to the mortgage had vested in the heirs or devisees.   That ground as we have seen is now untenable, and we apply the maxim cessante ratione legis cessat ipsa lex.   That the common law rule is modified by statutes similar

to ours has been held by other courts.    See opinion of Story, J., in *Dexter* v. *Arnold*, 1 Summer, 109 ; Fed. Cases, No. 3857, and cases cited in 27 Cyc. 1853.    In the case of *Hilton* v. *Lothrop*, decided in 1858, no reference whatever was made to the statute, and evidently it was not considered.    Moreover, the statute then in force, R. S., 1857, ch. 65, sect. 22, differed in some important respects from the present statute.    The statute then provided simply that when the deceased held any real estate in mortgage without having foreclosed the right of redemption, his executor or administrator should hold it in trust for the persons who would be entitled to the money if it was paid, and that it should be accounted for as personal assets in his hands.    Express power was afterwards given to executors and administrators by chap. 212 of the Laws of 1863 to sell such real estate before the right of redemption is foreclosed, and by section 25, chap. 113, of the Laws of 1870, to assign the mortgage and debt.    In the general revision of 1871 appears for the first time the expression "shall be deemed personal assets," instead of the phrase "shall be accounted for as personal assets."    If this change of expression did not change the construction of the statute, it at least made certain what before that time may have been of doubtful meaning, and taken with the amendments referred to it has marked the status of such mortgaged lands as personal estate, which goes to the executor and not to the devisee.

It does not appear on the face of this bill that the time of redemption has expired.    Hence it does not appear yet that the devisees are necessary parties, and the demurrer for want of parties cannot be sustained.

*Exceptions sustained.*
*Demurrer overruled.*